UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KELVIN ORTIZ,

                          Plaintiff,

          -against-

HEMPSTEAD UNION FREE SCHOOL
DISTRICT, and SUSAN JOHNSON,
individually and in her official capacity,
RODNEY GILMORE, individually and in his
official capacity,

                         Defendants.
-----------------------------------------------------------------X

**REPORT AND**
**<u>RECOMMENDATION</u>**
CV 17-2990 (DRH)(AYS)

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Before the Court, on referral from the Honorable Denis R. Hurley for Report and Recommendation, is Defendants' motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. Plaintiff opposes the motion. For the following reasons, this Court respectfully recommends that Defendants' motion be granted in its entirety.

<u>BACKGROUND</u>

      The relevant facts, as set forth below, are taken from the Local Civil Rule 56.1 statements of undisputed material facts submitted by the parties, as well as the documents offered by both parties in support of their respective motions.

      Plaintiff, Kelvin Ortiz ("Plaintiff" or "Ortiz"), is a Puerto Rican male who was employed by Defendant Hempstead Union Free School District (the "District") from 2012 to 2016. (Am. Compl. ¶ 1; Def. Local Civ. R. 56.1 Statement ("Def. 56.1") ¶¶ 14, 17; Pl. Local Civil R. 56.1 Statement ("Pl. 56.1") ¶¶ 14, 17.) Plaintiff began his employment with the District as Dean of Academic Affairs in August 2012, (Ortiz Dep. 84; Am. Compl. ¶¶ 1, 11), and was promoted to

the position of Assistant Principal in 2013. (Ortiz Dep. 21; Am. Compl. ¶ 15.) Plaintiff's employment was terminated by the District on April 19, 2016. (Def. 56.1 ¶ 17; Pl. 56.1 ¶ 17.)

At the time of his termination, Plaintiff was a non-tenured Assistant Principal. (Def. 56.1 ¶ 27; Pl. 56.1 ¶ 27.) A requirement of the position is a valid School Administrator/Supervisor ("SAS") Certification. (Johnson Aff. ¶ 4, annexed to Def. Not. of Mot. at Ex. C.) Plaintiff's SAS Certification expired at the end of the 2013-2014 school year. (Def. 56.1 ¶¶ 28-29; Pl. 56.1 ¶¶ 28-29; Johnson Aff. ¶ 3.) The District only learned of the expiration of Plaintiff's SAS Certification in March 2016 and, as a result, terminated Plaintiff from his position in April 2016. (Def. 56.1 ¶ 28; Pl. 56.1 ¶ 28; Johnson Aff. ¶¶ 2-3.)

In or about October 2016, Plaintiff secured new employment as an Assistant Principal in the Roosevelt Union Free School District ("Roosevelt"). (Def. 56.1 ¶ 18; Pl. 56.1 ¶ 18.) Plaintiff was thereafter terminated from his position as an Assistant Principal in Roosevelt and subsequently re-hired by Roosevelt in January 2017 as Dean of Students/District Truant Officer. (Def. 56.1 ¶ 20; Pl. 56.1 ¶ 20.)

Plaintiff filed a Notice of Claim upon the District on May 26, 2016. (Def. 56.1 ¶ 15; Pl. 56.1 ¶ 15.) Plaintiff also filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about July 8, 2016. (Def. 56.1 ¶ 16; Pl. 56.1 ¶ 16.)

Plaintiff commenced this action on May 17, 2017, alleging disability discrimination, racial discrimination, retaliation, and a violation of his equal protection rights, in violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12131 et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000 et seq., 42 U.S.C. § 1981 ("Section 1981"), 42 U.S.C. § 1983 ("Section 1983"), and the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law §§ 290 et seq. Plaintiff also alleges that the Individual Defendant,

Susan Johnson ("Johnson"), aided and abetted in the District's alleged discrimination, in violation of the NYSHRL. Plaintiff amended his Complaint on February 26, 2018, withdrawing his claims for disability discrimination. (See generally Am. Compl., Docket Entry ("DE") [21].)

Presently before the Court is Defendant's motion for summary judgment, seeking judgment as a matter of law with respect to all of Plaintiff's causes of action. The Court notes that while Rodney Gilmore ("Gilmore") is listed as an individual defendant in the caption of the Amended Complaint, there is not a single factual allegation that pertains to him in the body of the Amended Complaint. Defendants highlight this fact in moving for summary judgment on Gilmore's behalf. In response, Plaintiff states that he "is not disputing the motion in regards to . . . Gilmore's status as a Defendant and agrees to drop him from the instant matter." (Pl. Mem. of Law in Opp'n 1.) Accordingly, Plaintiff's claims against Gilmore should be deemed withdrawn and he should be terminated as a defendant in this action.

## DISCUSSION

I.     Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to establish the lack of any factual issues. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The very language of this standard dictates that an otherwise properly supported motion for summary judgment will not be defeated because of the mere existence of some alleged factual dispute between the parties. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Rather, the requirement is that there be no "genuine issue of material fact." Id. at 248.

The inferences to be drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).  When the moving party has carried its burden, the party opposing summary judgment must do more than simply show that "there is some metaphysical doubt as to the material facts." Id. at 586.  In addition, the party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248.

When considering a motion for summary judgment, the district court "must also be 'mindful of the underlying standards and burdens of proof' . . . because the evidentiary burdens that the respective parties will bear at trial guide the district courts in their determination of summary judgment motions." SEC v. Meltzer, 440 F. Supp. 2d 179, 187 (E.D.N.Y. 2006) (quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988)) (internal citations omitted).  "Where the non-moving party would bear the ultimate burden of proof on an issue at trial, the burden on the moving party is satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim." Meltzer, 440 F. Supp. 2d at 187.

II.     Race Discrimination[1]

Plaintiff's first cause of action alleges that he was subjected to disparate treatment by the District based upon his race, in violation of Title VII, Section 1981, and the NYSHRL.  According to Plaintiff, on March 22, 2016, he was notified that his SAS Certification had expired at the end of the 2013-2014 school year.  (Ortiz Aff. ¶ 8.)  On April 12, 2016, Plaintiff was

---

[1] While Plaintiff's opposition to the within motion asserts that he has been subject to discrimination based on his national origin, (Pl. Mem. of Law in Opp'n 10-13), the Amended Complaint clearly states that Plaintiff is asserting a discrimination claim based on race. Accordingly, this Court will address Plaintiff's discrimination claim as race-based.

further notified that an OT-39 form needed to be completed by the District Superintendent, Defendant Johnson, certifying that his year as Dean of Academic Affairs was an administrative position, in order to obtain a renewal of his SAS Certification.  (Id. ¶ 9; Am. Compl. ¶ 20.) Plaintiff alleges that he was unable to obtain a renewal of his SAS Certification because Johnson did not complete the OT-39 form.  (Def. 56.1 ¶ 23; Pl. 56.1 ¶ 23.)

Plaintiff thereafter approached his school principal, Hank Williams ("Williams"), requesting that he write a letter stating that Plaintiff supervised other employees during his first year of employment.  (Ortiz Aff. ¶ 10.)  According to Plaintiff, while he was present in Williams's office, Johnson called Williams and directed him not to write any such letter.  (Id.; Def. 56.1 ¶ 24; Pl. 56.1 ¶ 24.)  Thereafter, on April 19, 2019, Plaintiff was terminated for not possessing the proper SAS Certification.  Plaintiff asserts that his termination was actually because he is Hispanic, alleging that two African-American employees – Defendant Gilmore and non-party Janet Lovett – were able to keep their positions without having proper SAS Certifications.  (Def. 56.1 ¶¶ 25-26; Pl. 56.1 ¶¶ 25-26.)

      A.      McDonnell-Douglas Burden-Shifting Framework

Title VII claims for race discrimination are analyzed pursuant to the three-step burden-shifting framework first announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).  See Weinstock v. Columbia Univ., 224 F.3d 33, 42 n.1 (2d Cir. 2000) (applying McDonnell Douglas burden-shifting framework to Title VII discrimination claim).  This same analysis applies to racial discrimination claims brought pursuant to Section 1981 and the NYSHRL as well.  See Walsh v. New York City Housing Auth., 828 F.3d 70, 74 (2d Cir. 2016).

The first step of the burden-shifting analysis requires Plaintiff to demonstrate a prima facie case of discrimination.  See Matima v. Celli, 228 F.3d 68, 79 (2d Cir. 2000) (citing

5

McDonnell Douglas, 411 U.S. at 802-04).  Once Plaintiff satisfies this initial burden, "the employer is required to offer a legitimate, non-discriminatory business rationale for its conduct." Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004) (citing McDonnell Douglas, 411 U.S. at 802).  The burden then shifts back to Plaintiff "to prove 'by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.'"  Back v. Hastings on Hudson U.F.S.D., 365 F.3d 107, 123 (2d Cir. 2004) (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 258 (1981)).

      B.      Disposition of Plaintiff's Claim

To establish a prima facie case of racial discrimination, Plaintiff must demonstrate proof of the following: (1) that he is a member of a protected class; (2) that he was qualified for the position; (3) that he suffered an adverse employment action; and (4) that the adverse employment action "occurred under circumstances giving rise to an inference of discrimination." Baldwin v. North Shore Univ. Hosp., 470 F. Supp. 2d 225, 228 (E.D.N.Y. 2007); see also De La Cruz v. New York City Human Res. Admin, 82 F.3d 16, 20 (2d Cir. 1996).  There is no dispute that Plaintiff is a member of a protected class and that he was terminated, thereby suffering an adverse employment action.

While Plaintiff devotes most of his opposition papers to an attempt to establish that his termination occurred under circumstances giving rise to an inference of discrimination, the undisputed evidence before the Court demonstrates without a doubt that Plaintiff was not qualified for the position he held.  As Defendants argue – and Plaintiff does not dispute – Plaintiff's SAS Certification lapsed at the end of the 2013-2014 school year.  Defendants did not learn of this lapse until 2016 when Johnson was preparing to recommend Plaintiff for tenure. (Def. 56.1 ¶ 29; Pl. 56.1 ¶ 29.)  Although Plaintiff argues that Johnson made a mistake on his

6

OT-39 form and refused to file a corrected one, that fact does nothing to negate the fact that Plaintiff was simply not qualified for the position of Assistant Principal because he lacked the proper SAS Certification. It was Plaintiff's responsibility to ensure he held the proper certifications for his position, and the District was within its rights to terminate him when he failed to do so.

Based on the foregoing, this Court finds that Plaintiff has failed to demonstrate that he was qualified for the position he held and, as a result, cannot establish a prima facie case of discrimination on the basis of race. Accordingly, Defendants' motion for summary judgment should be granted with respect to Plaintiff's racial discrimination claims brought pursuant to Title VII, Section 1981, and the NYSHRL.

Moreover, even assuming that Plaintiff was able to establish a prima facie case of discrimination, his claims would still fail. As stated above, once Plaintiff establishes a prima facie case of discrimination, the burden shifts to Defendants to demonstrate a legitimate, nondiscriminatory reason for the actions taken against Plaintiff. See Burdine, 450 U.S. at 253. "This burden is one of production, not persuasion; it 'can involve no credibility assessment.'" Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509 (1993)).

Defendant has successfully satisfied its burden of showing a non-discriminatory reason for its employment decision. Indeed, upon learning that Plaintiff did not possess the proper state certification required to hold the position of Assistant Principal, the District had no choice but to terminate Plaintiff's employment, in accordance with the rules set forth by the New York State Education Department. See 8 N.Y.C.R.R. § 80-2.4(b).

In light of this non-discriminatory reason for Plaintiff's termination, the burden shifts back to Plaintiff to demonstrate, through admissible evidence, that Defendants' proffered reason for its action were a pretext for discrimination. See Reeves, 530 U.S. at 143. In order to defeat summary judgment, and rebut Defendants' articulated reason for its action, Plaintiff "may not rest upon conclusory allegations or denials, but must set forth specific facts and circumstances supported by depositions, affidavits based on personal knowledge, and admissions." General Elec. Co. v. New York State Dep't of Labor, 936 F.2d 1448, 1452 (2d Cir. 1991). Plaintiff has failed to sustain this burden.

Plaintiff has failed to offer any evidence, other than his own conclusory allegations, that he was discriminated against on the basis of his race. He has presented no evidence that he was subjected to derogatory comments, nor has he offered any evidence that he was treated differently from other individuals with whom he worked. There is simply nothing in the record before the Court from which a reasonable fact-finder could conclude that Plaintiff was discriminated against in any way. Accordingly, Defendants are entitled to judgment as a matter of law with respect to Plaintiff's discrimination claims. Where, as here, there is no evidence of discrimination, it is not the province of the Court to "sit as a super-personnel department that reexamines an entity's business decisions." Delaney v. Bank of Am. Corp., 766 F.3d 163, 169 (2d Cir. 2014) (quoting Scaria v. Rubin, 117 F.3d 652, 655 (2d Cir. 1997)).

Based on the foregoing, the Court respectfully recommends that Defendants be granted summary judgment with respect to Plaintiff's racial discrimination claims.

III.   Retaliation

Plaintiff's second cause of action alleges that Defendants retaliated against him as a result of his post-termination filing of an EEOC charge, in violation of Title VII and the NYSHRL.

8

His retaliation claim appears to allege that Defendants acted against him in connection with his position at Roosevelt. Retaliation claims are analyzed under same the McDonnell Douglas burden-shifting framework as Title VII discrimination claims. See Sumner, 899 F.2d at 208.

To establish a prima facie case of retaliation under Title VII and the NYSHRL, Plaintiff must demonstrate that: (1) he engaged in a statutorily protected activity; (2) his employer was aware of this activity; (3) he suffered an adverse employment action; and (4) there is a "causal connection" between the protected activity and the adverse employment action. Kessler v. Westchester Cnty. Dep't of Soc. Servs., 461 F.3d 199, 205 (2d Cir. 1996) (citation omitted). To demonstrate an adverse employment action, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. and Sante Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). To establish causation, "the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." Pothen v. Stony Brook Univ., 211 F. Supp. 3d. 486, 497 (E.D.N.Y. 2016) (citation omitted). "But-for causation does not require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." Id. (citation and internal quotation marks omitted).

Plaintiff asserts that in or about October 2016, he secured employment as an Assistant Principal in Roosevelt. (Am. Compl. ¶ 36.) Shortly thereafter, a member of the public spoke out against Plaintiff at a Roosevelt School Board meeting, questioning why the district hired him in light of the fact that he did not have the proper SAS Certification. (Ortiz Aff. ¶ 17; Def. 56.1 ¶ 38; Pl. 56.1 ¶ 38.) Plaintiff was then terminated from his Assistant Principal position at

9

Roosevelt but was subsequently rehired by Roosevelt in January 2017 as Dean of Students/District Truant Officer. (Def. 56.1 ¶¶ 19-20; Pl. 56.1 ¶¶ 19-20.) Plaintiff's retaliation claim alleges that Defendants interfered with his employment at Roosevelt, ultimately arranging to have him terminated, because he filed an EEOC charge in July 2016. (Ortiz Aff. ¶¶ 16-17.) Roosevelt's Superintendent, Marnie Hazelton, submitted an affidavit herein in which she states that the Roosevelt School Board was unaware of Plaintiff's lack of certification until the issue was raised by a member of the public at the school board meeting and that she did not speak with or receive any communications from anyone in the District concerning Plaintiff. (Hazelton Aff. ¶¶ 6-7, 10.)

Plaintiff asserts that the member of the public who spoke out against him at the Roosevelt board meeting has "close ties" to Stephen Strachan ("Strachan"), the District's High School Principal. (Ortiz Aff. ¶ 17). However, Strachan submitted an affidavit in which he states that he did not speak with or communicate with the member of the public who spoke out against Plaintiff at the Roosevelt school board meeting. (Strachan Aff. ¶ 4.) While Plaintiff attempts to use these competing allegations to raise a triable issue of fact, he overlooks the fact that to avoid summary judgment, he must put forth sufficient evidence to demonstrate that had it not been for retaliation on the part of the District, he would not have been terminated from his position at Roosevelt. Plaintiff simply cannot meet this burden in light of the fact that, once again, he did not possess the proper SAS Certification necessary to hold an Assistant Principal position at Roosevelt. Accordingly, a reasonable fact-finder could not find that the District's alleged retaliation was the but-for cause of Plaintiff's termination from Roosevelt.

Based on the foregoing, the Court respectfully recommends that Defendants' motion for summary judgment be granted with respect to Plaintiff's retaliation claims.

IV.     Equal Protection

Plaintiff's third cause of action is entitled "Equal Protection;" however, the allegations supporting the claim appear to assert a cause of action for municipal liability, pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978).  Specifically, Plaintiff asserts that Defendants violated the Equal Protection Clause of the Fourteenth Amendment, pursuant to Section 1983, "because such acts were taken in accordance with Defendants' custom or practice of discriminating and/or selectively treating individuals."  (Am. Compl. ¶ 45.)

"[T]o prevail on a claim against a municipality under Section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (citing Monell, 436 U.S. at 690-91).  In addition, "[t]he plaintiff must show a 'direct causal link between a municipal policy or custom, and the alleged constitutional deprivation.'" Mazzone v. Town of Southampton, 283 F. Supp. 3d 38, 61 (E.D.N.Y. 2017) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).

It is black-letter law that "there can be no municipal liability claim without an underlying constitutional violation." Applewhite v. City of New York, No. 17-CV-6870, 2020 WL 4041455, at *4 (E.D.N.Y. July 17, 2020) (citing Burgess v. DeJoseph, 725 Fed. App'x 36, 40 (2d Cir. 2018); see also Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under Monell was entirely correct.").  Since this Court has found no underlying constitutional violation by Defendants, it follows that there can be no municipal liability.

11

Even if this Court were to find that Plaintiff's constitutional rights were violated, his municipal liability claim would still fail because Plaintiff has not offered any evidence whatsoever to support his claim that the District has a custom or policy of discrimination. Rather, Plaintiff offers nothing more than the conclusory allegations contained in his Amended Complaint, which is insufficient to substantiate a claim for municipal liability. See Martin v. County of Nassau, 692 F. Supp. 2d 282, 296 (E.D.N.Y. 2010) ("Conclusory allegations of municipal custom or policy are insufficient . . . ."). Accordingly, Plaintiff's municipal liability claim fails on this ground as well.

Finally, Plaintiff also fails to even address Defendants' arguments in support of their motion for summary judgment with respect to his municipal liability claim. Accordingly, the Court should also deem the claim abandoned. See Grassel v. Dep't of Educ. of City of N.Y., No. 12 CV 1016, 2015 WL 5657343, at *9 (E.D.N.Y. Sept. 24, 2015) ("When a party opposing summary judgment fails to respond to the moving party's argument on a claim, the Court may deem the claim abandoned."); Taylor v. City of New York, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way.").

For all the foregoing reasons, Defendants' motion for summary judgment should be granted with respect to Plaintiff's municipal liability claim, improperly entitled as an equal protection claim.

V.        <u>Individual Defendant Johnson</u>

Plaintiff's final cause of action is asserted solely against Johnson for direct participation in the alleged discrimination and retaliation of Plaintiff, in violation of Section 1983, and for aiding and abetting such discrimination and retaliation, in violation of the NYSHRL.

In order to establish individual liability under Section 1983, a plaintiff must demonstrate the following: (1) that the defendant is a "person" acting "under the color of state law," and (2) that the defendant "caused the plaintiff to be deprived of a federal right." <u>Back</u>, 365 F.3d at 122 (citing <u>Monroe v. Pape</u>, 365 U.S. 167 (1961)). With respect to liability for aiding and abetting discrimination under the NYSHRL, the Second Circuit has held that individual liability may be imposed on a "person who 'actually participates' in the improper conduct." <u>Frank v. Lawrence Union Free Sch. Dist.</u>, 688 F. Supp. 2d 160, 174 (E.D.N.Y. 2010) (quoting <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295, 1313 (2d Cir. 1995)).

Plaintiff alleges that Johnson discriminated against him based on three discrete acts: (1) that she mistakenly gave him a supervisory mark of "zero" for the 2012-13 school year on his OT-39 form; (2) that Johnson told Williams not to write a letter for Plaintiff that would have corrected the mistaken mark of zero on the OT-39 form; and (3) that Johnson refused to correct the error on the OT-39 form, despite having the ability to do so. (Am. Compl. ¶¶ 15, 21-22; Ortiz Aff. ¶¶ 9-10.) However, what Plaintiff ignores is that it was he who allowed his SAS Certification to lapse, rendering him unqualified to hold the position of Assistant Principal. While Plaintiff would like to make excuses for his failure to maintain the necessary certification required for his position, the bottom line is that it was Plaintiff's fault that his SAS Certification lapsed, not Johnson's. Moreover, even if the lapse could be attributed to Johnson, there is simply

13

no evidence of discrimination here. Accordingly, this Court finds that Plaintiff's Section 1983 claim against Johnson fails as a matter of law.

With respect to the state law aiding and abetting claim, "liability must be found as to the employer before an individual employee can be held liable for aiding and abetting discriminatory conduct . . . ." Xiang v. Eagle Enterprises, LLC, No. 19 Civ. 1752, 2020 WL 248942, at *7 (S.D.N.Y. Jan. 16, 2020) (citing Schanfield v. Sojitz Corp. of Am., 663 F. Supp. 2d 305, 344 (S.D.N.Y. 2009)). In light of the fact that this Court finds no liability on the part of the District, any claim for aiding and abetting against Johnson must fail. Moreover, as with Plaintiff's municipal liability claim, Plaintiff again fails to oppose Defendants' arguments with respect to the aiding and abetting claim. Accordingly, the claim should also be deemed abandoned. See Taylor, 269 F. Supp. 2d at 75.

Based on the foregoing, Defendants' motion for summary judgment should be granted with respect to the claims asserted against Johnson.

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Defendants' motion for summary judgment be granted in its entirety.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of

this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED:**

Dated: Central Islip, New York
December 4, 2020

/s/ Anne. Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge