```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KELVIN ORTIZ,

                            Plaintiff,                          MEMORANDUM & ORDER
       -against-                                                19-CV-2404 (DRH)(AYS)

HEMPSTEAD UNION FREE SCHOOL
DISTRICT, SUSAN JOHNSON, individually
and in her official capacity, and RODNEY
GILMORE, individually and in his official
capacity,

                            Defendants.
----------------------------------------------------------X
```

**APPEARANCES:**

**For Plaintiff:**
Morris, Duffy, Alonso & Faley
101 Greenwich Street
New York, New York 10006
By:   Jonathan Tand, Esq.


**For Defendants:**
The Scher Law Firm, LLP
One Old Country Road, Suite 385
Carle Place, New York 11514


**HURLEY, Senior District Judge:**

Plaintiff Kelvin Ortiz ("Plaintiff" or "Ortiz") commenced this action on May 17, 2017 against defendants Hempstead Union Free School District (the "District"), Susan Johnson ("Johnson") and Rodney Gilmore ("Gilmore") (collectively "Defendants"). In his amended complaint Plaintiff alleges racial discrimination,

retaliation, and a violation of his equal protection rights, in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq., 42 U.S.C. ("Title VII"), 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. (the "NYSHRL").

Presently before the Court is the Report and Recommendation of Magistrate Judge Anne Y. Shields, dated December 4, 2020 (the "R&R), recommending that Defendants' motion for summary judgment be granted in its entirety. Plaintiff has filed objections. For the reasons set forth below, the Court overrules Plaintiff's objections and grants Defendants' motion for summary judgment.

## Factual Background

I. **The Undisputed Facts**

The following undisputed facts are taken from the R&R.

Plaintiff is a Puerto Rican male who was employed by the District from 2012 to 2016. Plaintiff began his employment with the District as Dean of Academic Affairs in August 2012 and was promoted to the position of Assistant Principal in 2013. His employment was terminated by the District on April 19, 2016.

At the time of his termination, Plaintiff was a non-tenured Assistant Principal. A requirement of the position is a valid School Administrator/Supervisor ("SAS") Certification. Plaintiff's SAS Certification expired at the end of the 2013-2014 school year. During the process of reviewing him for tenure in March 2016, the District learned of the expiration of Plaintiff's SAS Certification and, as a result, terminated Plaintiff from his position in April 2016.

In or about October 2016, Plaintiff secured new employment as an Assistant Principal in the Roosevelt Union Free School District ("Roosevelt"). Plaintiff was thereafter terminated from his position as an Assistant Principal in Roosevelt and subsequently re-hired by Roosevelt in January 2017 as Dean of Students/District Truant Officer. Plaintiff served a Notice of Claim upon the District on May 26, 2016 and filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about July 8, 2016. He thereafter commenced this action.

## II.  The R & R

Judge Shields first addressed Plaintiff's claim of race discrimination based on the assertion that his termination was actually because he is Hispanic, alleging that two African-American employees Defendant Gilmore and non-party Janet Lovett were able to keep their positions without having proper SAS certifications. Applying the well-known *McDonnell Douglas* burden shifting analysis, Judge Shields pointed out that the undisputed evidence showed that Plaintiff was not qualified for the position he held as his SAS Certification lapsed at the end of the 2013-2014 school year. As Plaintiff was not qualified for the position he held, Judge Shields concluded that he cannot establish a prima facie case of discrimination. She went on to reason that assuming arguendo he had established a prima facie case, Defendant satisfied its burden of showing a non-discriminatory reason for its employment decision, to wit, his lack of the proper state certification required to hold the position of Assistant Principal. Turning then to whether Plaintiff has proffered admissible

evidence of pretext, she concluded he had not presented any evidence, other than his own conclusory allegations, that he was discriminated on the basis of his race; he presented no evidence that he was subject to derogatory comments, nor did he offer any evidence that he was treated differently from similarly situated individuals. Thus, she recommended that summary judgment be granted to Defendants on the racial discrimination claims.

    Judge Shields then proceeded to address Plaintiff's retaliation claim which was based on his termination from the position of Assistant Principal with the Roosevelt School District. Plaintiff secured that position in October 2016. Shortly thereafter, a member of the public spoke out against Plaintiff at a Roosevelt School Board meeting, questioning why the district hired him when he did not have the proper SAS certification. He was then terminated from the Assistant Principal position but subsequently rehired a few months later as Dean of Students/District Truant Officer. Judge Shields pointed out that Plaintiff claims that Defendants arranged to have him terminated as Assistant Principal in Roosevelt schools because he filed an EEOC charge against Hempstead in July 2016, relying on his claim that the member of the public who spoke out against him at the Roosevelt board meeting had "close ties" to Defendant's Stephen Strachan ("Strachan"), Principal of Hempstead High School; she also noted that Strachan averred that he did not speak with or communicate with the member of the public who spoke out against him at the Roosevelt meeting. Judge Shields reasoned that this factual dispute was immaterial because Plaintiff's burden was to put forth evidence that

had it not been for retaliation on the part of the District he would not have been terminated and he could not sustain that burden given he did not hold the proper SAS certification for an Assistant Principal. She therefore recommended that summary judgment be granted in favor of Defendants on the claim of retaliation.

Lastly, Judge Shields concluded that Defendants' motion should be granted as to Plaintiff's Equal Protection claim for numerous reason including: there was no constitutional violation; Plaintiff offered no evidence to support *Monell* liability; and Plaintiff abandoned the claim by failing to address Defendant's argument on that claim.

### III.   Plaintiff's Objections

With respect to the discrimination claim, Plaintiff's asserts that Judge Shields' conclusion that Plaintiff was unqualified for the job used a "but for" standard rather that the applicable "mixed motive." He further argues that Defendants simply had to send a form to the state explaining that Plaintiff had met the requirements and had performed the applicable work which would have qualified Plaintiff to continue his employment  and get an extension of time to get his license renewed, that Defendants had sent such a letter for similarly situated African American employees, including Defendant Gilmore but baselessly refused to send this letter for Plaintiff causing him to be in a situation where they could terminate him. He also claims that Defendant Johnson "actively took steps to prevent Plaintiff from getting the requisite certification renewed by lying about the number of classes that plaintiff had supervised, claiming that the classes Plaintiff

observed did not count when they clearly did count for African American Employees of the District and refusing to allow his principal to submit a letter which would have allowed Plaintiff to continue his employment." (Pl.'s Objections (DE 41) at p. 2.)

With respect to the retaliation claim, Plaintiff asserts that numerous triable issues of fact were overlooked including that Roosevelt knew about the lapsed license from the start of his employment. (*Id.* at p. 3.)

## Applicable Law

### I. Standard of Review

When a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district judge shall make a *de novo* determination of any portion of the report and recommendation addressing a dispositive matter to which specific objection has been made. Non-dispositive matters, as well as those portions of the report and recommendation addressing dispositive matters for which no objection is made, are reviewed under the clear error and contrary to law standards. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a) & (b); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). "An order is clearly erroneous only if the reviewing court, considering the entirety of the evidence is left with the definite and firm conviction that a mistake has been committed; an order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Centro De La Comunidad Hispana De*

*Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (internal quotation marks omitted).

## II. Summary Judgment and Title VII Discrimination Claims

Title VII of the Civil Rights Act of 1964, as relevant, provides that it is an "unlawful employment practice for an employer ... to discharge any individual ... because of such individual's race." 42 U.S.C. § 2000e–2(a)(1). In 1991, Congress amended the statute to make clear that "an unlawful employment practice is established when the complaining party demonstrates that race ... was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e–2(m). An employment decision, then, violates Title VII when it is "based in whole or in part on discrimination." *Feingold v. New York,* 366 F.3d 138, 152 (2d Cir.2004) (emphasis added) (quoting *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir.1997)). To avoid summary judgment in an employment discrimination case, "the plaintiff is not required to show that the employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the 'motivating' factors." *Cronin v. Aetna Life Ins. Co.,* 46 F.3d 196, 203 (2d Cir.1995); see also Holtz, 258 F.3d at 78.

Title VII and NYSHRL discrimination claims[1] are analyzed for summary judgment purposes under the familiar burden-shifting framework set forth in

---

[1] The Court notes that recent amendments to the NYSHRL signed into law on August 12, 2019, which among things eliminates the severe and pervasive standard for hostile work environment claims as well as the *Faragher-Ellerth* defense do not apply retroactively.

*McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). *See Walsh v. New York City Housing Auth.*, 828 F.3d 70, 74 (2d Cir. 2016). Under *McDonnell Douglas* and its progeny, a plaintiff must first establish a prima facie case of discrimination by showing that: (1) he belonged to a protected class, (2) was qualified for the position he held or sought, and (3) suffered an adverse employment action (4) under circumstances giving rise to an inference of discriminatory intent. *Terry v. Ashcroft*, 336 F.3d 128, 137-38 (2d Cir. 2003). If the plaintiff establishes a prima facie case, the burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason for [the adverse act]." *Leibowitz v. Cornell Univ.,* 584 F.3d 487, 499 (2d Cir. 2009) (internal quotation marks and citation omitted). Should the employer satisfy its burden, the McDonnell Douglas framework and its presumptions and burdens disappear, leaving the sole remaining issue of "discrimination vel non." *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 143 (2000). Where, as here, a plaintiff's argument that there are circumstances giving rise to an inference of discriminatory intent is the same as his argument for pretext, they may be analyzed together. *See Crawford v. Coram Fire Dist.*, 2015 WL 10044273 (E.D.N.Y. May 4, 2015); *D'Agostino v. LA Fitness Intern.*, LLC, 901 F. Supp.2d 413, 422 n. 4 (E.D.N.Y. 2012); cf. *Graves v. Finch Pruyn & Co., Inc.,* 457 F.3d 181, 188 (2d Cir. 2006) (declining to resolve dispute regarding establishment of prima facie case of age discrimination on the ground that plaintiff had not "pointed to any record evidence to dispute [defendant's] legitimate reason for the alleged adverse employment action").

The requirement of producing evidence to support an inference of discrimination "is a 'flexible [standard] that can be satisfied differently in differing factual scenarios.'" *Saji v. Nassau Univ. Med. Ctr.*, 724 F. App'x 11, 17 (2d Cir. 2018) (quoting *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 91 (2d Cir. 1996)). "No one particular type of proof is required to show that [a] [p]laintiff's termination occurred under circumstances giving rise to an inference of discrimination." *Moore v. Kingsbrook Jewish Med. Ctr.*, 2013 WL 3968748, at *6 (E.D.N.Y. July 30, 2013) (citations omitted); *see also Chertkova,* 92 F.3d at 91 ("[T]here is no unbending or rigid rule about what circumstances allow an inference of discrimination."). An inference of discrimination can be drawn from circumstances, including, without limitation, by showing that the defendant treated the plaintiff "less favorably than a similarly situated [person] outside his[/her] protected group," *Toussaint v. NY Dialysis Servs.*, Inc., 706 F. App'x 44, 45 (2d Cir. 2017) (quoting *Graham v. Long Island Rail Road*, 230 F.3d 34, 39 (2d Cir. 2000)); *Saji*, 724 F. App'x at 17 (stating an inference of discrimination may be established by evidence of "more favorable treatment of employees not in the protected group") (quoting *Abdu–Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir. 2001)). "In assessing the record to determine whether there is a genuine issue to be tried," a court is obliged to "carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture." *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 87 (2d Cir. 2016) (quoting *Bickerstaff v. Vassar Coll.,* 196 F.3d 435, 448 (2d Cir. 1999)).

When seeking to establish an inference of discrimination through evidence of more favorable treatment of persons not in the protected group, "the plaintiff must show that the comparators in question were similarly situated to the plaintiff in all material respects." *Saji*, 724 F. App'x at 17 (citations and internal quotation marks omitted). "Although the question of whether two individuals were 'similarly situated' for these purposes is often a question for the jury, 'a court can properly grant summary judgment where it is clear that no reasonable jury could find the similarly situated prong met.'" *Id.* (quoting *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 n.2 (2d Cir. 2001)).

### III. Title VII Retaliation Claims

Title VII also prohibits retaliation against employees who engage in protected activity. *See, e.g., Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002); *Vasquez v. Empress Ambulance Serv., Inc.*, – F.3d –, 2016 WL 4501673 (2d Cir. Aug. 29, 2016). Such retaliation claims are also analyzed using the McDonnell Douglas "burden-shifting" formula. *See, e.g., Kessler v. Westchester Cnty. Dep't of Social Servs.*, 461 F.3d 199, 205 (2d Cir. 2006).

To make out a prima facie case of retaliation, a plaintiff must show that "he engaged in protected participation or opposition under Title VII, that the employer was aware of this activity, that the employer took adverse action against the plaintiff, and that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." *Sosa v. Rockland County Community College*, 2017 WL

3105872 (S.D.N.Y. July 20, 2017) (internal quotation marks omitted); *see Miller v. Praxair*, 408 F. Appx. 408, 409-10 (2d Cir. 2010).

## Discussion

### I. The Unobjected to Portions of the R & R are Adopted

Plaintiff has failed to raise specific objections to those portions of the R & R addressing his equal protection claim and his claims against the individual defendants. Having reviewed those portions of the R & R for clear error and finding none, the Court adopts those portions of the R & R.

### II. Plaintiff's Objections to the Racial Discrimination Claim are Rejected

Having reviewed the record de novo, the Court concludes that Plaintiff has failed to submit admissible evidence to permit a reasonable trier of fact to conclude that Plaintiff's race was at least one of the motivating factors in his termination. As Judge Shields aptly pointed out there is no evidence of the use of any derogatory terms in reference to Plaintiff's race and no *evidence*, only Plaintiff's conclusory allegations, that he was treated differently. According to Plaintiff, he was treated differently that similarly situated African-American employees of the District, including Defendant Gilmore, but he has not submitted admissible evidence to support that claim. For example, with reference to Defendant Gilmore, he relies upon the following statement "I also looked into Dr. Gilmore's status with the district. It was known in the district that Dr. Gilmore worked for a time without the appropriate licenses and was allowed to stay employed until he got the proper licenses." Ortiz Aff. (Ex. A to Tand Affirm. (DE 37)) at ¶15.) Similarly, his claim

that the district counted observations towards the licensing requirements for African American but not for him, is asserted supported only by conjecture, not evidence. (*See id. at* ¶ 12 ("Upon information and belief, Hempstead counted [Earl] Davis Jr.'s observations performed as a Dean towards his administrative license and later granted Davis Jr. [who is African American] tenure. The only difference between myself and Mr. Davis is our ethnicity.") A non-moving party may not rely on conclusory allegations or unsubstantiated speculation. *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).[2]

Having reviewed the record de novo, the Court agrees with Judge Shields' conclusion that Defendants are entitled to summary judgment on Plaintiff's racial discrimination claim. Plaintiff has failed to put forth evidence that would permit a reasonable trier of fact to conclude that discrimination played a role in his termination.

### III. Plaintiff's Objections to the Retaliation Claim are Rejected

Without any citation to the record to support his objections, Plaintiff claims there are triable issues of fact with respect to his claim that the District retaliated against him by interfering with his position with the Roosevelt School District. According to his objections, "in his affidavit Plaintiff testifies that Roosevelt knew about the lapsed license issue from the start of his employment and did not find him unqualified for his job." (Pl.'s Objections (DE 41) at p. 3. However, the referenced

---

[2] To the extent Plaintiff asserts that there are credibility issues with respect to Johnson and Gilmore, the Court rejects that argument as he does not identify any triable issues with respect to their affidavits or point to evidence which places their credibility at issue.

affidavit contains only the following conclusory statement "When I was hired by Roosevelt, I disclosed my licensing issue to them, they originally did not believe it to be an impediment to my hiring." Ortiz Aff. (Ex. A to Tand Affirm. (DE 37)) at ¶18.) Without any specifics as to whom he allegedly disclosed his licensing issue and what position in the Roosevelt School District that person held, Plaintiff's conclusory statement is insufficient to create an issue of fact given the affidavit of Dr. Hazleton, Superintendent of Roosevelt, which states that, it was after a member of the public asked the Board why Plaintiff was hired when he lacked the proper certification, that "the Roosevelt School District investigated and discovered that [Plaintiff] did not hold the proper certification for his position as Assistant Principal." (Hazleton Aff. (Ex. I to Graff Aff.) at ¶6-7.) *See generally Risco v. McHugh*, 868 F. Supp. 2d 75, 98 (S.D.N.Y. 2012) (" '[E]ven in the discrimination context, . . . a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment' . . . [and] 'must offer some hard evidence showing that its version of the events is not wholly fanciful.' " (*quoting Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008); *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005))). Plaintiff also relies upon his recitation of a statement allegedly made by Dr. Hazleton to him that Stephen Strachan of the District "was trying to interfere with [Plaintiff's] employment in Roosevelt," to create an issue of fact. However, that statement is inadmissible hearsay.

Finally, even if one assumes that the District was behind raising the issue of Plaintiff's certification with the Roosevelt School, Plaintiff cannot meet the "but for"

causation element of a retaliation claim given that is undisputed that he did not have his SAS certification which was required for his Assistant Principal position in Roosevelt.

Having reviewed the record de novo and having considered Plaintiff's objections, the Court agrees with Judge Shield's analysis concluding that Defendants are entitled to summary judgment on Plaintiff's retaliation claim.

## Conclusion

For the reasons set forth above, the Court rejects Plaintiff's objections and adopts Judge Shield's R &R. Accordingly, the Defendants' motion for summary judgment is granted in toto. The Clerk of Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated: Central Islip, New York      s/ Denis R. Hurley
        March 1, 2021                 Denis R. Hurley
                                                   United States District Judge